**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**MONIQUE DOSS, NADIA HARRIS,
SHAVONDA GIBBS, ROCHELL CHILDS,
DARREN CHILDS, LADARIUS JOHNSON,
TAMARA GREEN, DARIUS WEST, ROGER
HAWKINS, TAKEERA JOHNSON, LEVAN
HARRIS, JOSEPH DOSS, TYNEETA DOSS,
JUSTIN CHILDS, A MINOR BY AND THROUGH
BRENDA CHILDS AS NEXT FRIEND AND
NATURAL GUARDIAN, NANCY POINTER,
MISHAY HAMPTON, AND TARMEISHA
HAMPTON**     **PLAINTIFFS**

**VERSUS**     **CIVIL ACTION NO. 4:10CV3-P-S**

**NPC INTERNATIONAL, INC. d/b/a PIZZA HUT**

**<u>ORDER</u>**

This cause is before the Court on the plaintiffs' Motion to Remand [7]. The Court, having reviewed the motion, the response, the briefs of the parties, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

Plaintiffs originally filed this case in the Circuit Court of Leflore County, Mississippi seeking recovery for injuries sustained when they allegedly contracted food poisoning after dining at defendant's restaurant. Defendant removed the case on grounds of diversity jurisdiction. The plaintiffs filed a timely motion to remand which argued that remand is appropriate because the defendant cannot establish the requisite amount in controversy.[1]

---

[1] There is complete diversity between the plaintiffs and the defendant.

"The general federal rule has long been to decide what the amount in controversy is from the complaint itself, unless it appears or is in some way shown that the amount stated in the complaint is not claimed in good faith." Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 353 (1961). Still, "if a defendant can prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount, removal is proper" unless the plaintiff shows that at the time of removal he was legally bound to accept a lesser sum. Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 n. 14 (5th Cir. 1995).

Although the Complaint purports to limit recovery to compensatory damages of no more than $75,000 per plaintiff, defendant argues that this sum is not controlling. It also urges that it has demonstrated by a preponderance of the evidence that the <u>actual</u> amount in controversy is in excess of $75,000 and that such a showing is sufficient unless the plaintiffs can demonstrate to a legal certainty that they are required to accept less.

Defendant relies on plaintiffs' deposition testimony and the nature of the Complaint to support its argument that the amount in controversy exceeds the jurisdictional amount. It points to other cases involving similar fact patterns and elements of damages as support for the proposition that plaintiffs' claim for compensatory damages exceeds $75,000. See Holmes v. Citi Financial Mortgage Company, Inc., 436 F. Supp.2d 829, 832 (N.D. Miss. 2006)(Mississippi juries are likely to award more than $75,000 for emotional distress, pain and suffering); Bussey v. E.S.C. Restaurants, Inc., 620 S.E.2d 764 (Vir. 2005)(verdict of more than $100,000 in food poisoning lawsuit). Moreover, a number of the plaintiffs testified by deposition that they considered their

2

claims to be worth as much as $100,000.[2] The defendant has made a prima facie showing that the actual amount in controversy exceeds $75,000.

Therefore, the burden falls to plaintiffs to demonstrate to a legal certainty that they will not be able to recover more than the damages sought in the ad damnum clause. The Court must conclude, based on the persuasive authority of Evans v. Lallande, 1997 WL 170318 (N.D. Miss. 1997), that plaintiffs have failed to do so. Lallande recognized that "Mississippi limits the plaintiff's recovery to the amount pleaded but does not prohibit amendment of the initial ad damnum clause." Inasmuch as plaintiffs may assert a motion to amend pleadings even following entry of a judgment, it is possible that plaintiffs could obtain a verdict in excess of the amount demanded in the Complaint and then move to amend the pleadings to conform with the jury award. Queen v. Queen, 551 So.2d 197, 201 (Miss. 1989). Plaintiffs could have chosen to bind themselves by filing a binding stipulation or affidavit with their complaints which limited their damages to the sum sought in their initial complaint. They did not do so. Accordingly, the Court concludes that defendant has satisfied the requirements of 28 U.S.C. § 1332 and this Court is free to exercise jurisdiction over the case.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the plaintiffs' Motion to Remand [7] is not well-taken and should be, and hereby is, DENIED. IT IS FURTHER ORDERED that the parties are to contact the assigned magistrate judge concerning the entry of a scheduling conference within ten (10) days of the entry of this Order.

---

[2] Likewise, in 2005, the United States Supreme Court held that so long as there at least one plaintiff's claim satisfies the amount in controversy requirement for an exercise of diversity jurisdiction, the Court has supplemental jurisdiction over the claims of other plaintiffs which are part of the same case or controversy. Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546, 162 L.Ed.2d 502, 125 S. Ct. 2611 (2005). See also 28 U.S.C. § 1367.

SO ORDERED, this the 19$^h$ day of March, 2010.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE